Singh v. Garland
BIA
Hom, IJ
A208 616 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-two.

PRESENT:
      DENNIS JACOBS,
      GUIDO CALABRESI,
      RICHARD J. SULLIVAN,
         *Circuit Judges.*

_____

HARPREET SINGH,
      *Petitioner,*

      v.                   **20-436**
                                **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Genet Getachew, Esq., Brooklyn, NY. |
| **FOR RESPONDENT:** | Jeffrey Bossert Clark, Acting Assistant Attorney General; |

Sabatino F. Leo, Senior Litigation Counsel; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harpreet Singh, a native and citizen of India, seeks review of a January 7, 2020 decision of the BIA affirming a May 4, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harpreet Singh*, No. A208 616 450 (B.I.A. Jan. 7, 2020), *aff'g* No. A208 616 450 (Immig. Ct. N.Y. City May 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). ("When the BIA briefly affirms the decision of an IJ and adopt[s] the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." (internal

2

quotation marks omitted)).  We review questions of law de novo and review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

An applicant bears the burden to establish eligibility for asylum by showing either past harm rising to the level of persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 1208.13(b).  He must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  An applicant can meet that burden if his "testimony is credible . . . [and] persuasive," but "[i]n determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(ii).

The record supports the agency's determination that Singh was not credible as to his allegations of past harm by members

3

of rival political parties. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination as the agency reasonably relied on discrepancies between Singh's testimony and interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). Singh told an asylum officer that he received a beating that resulted in bruises but later

4

testified that his attackers carried a knife and sword and cut his arm. Although "omissions are less probative of credibility than inconsistencies," the agency did not err in relying on Singh's omission of these facts during his interview because he was asked how he was beaten and, in contrast to his description of another earlier beating in which he was asked the identical question and stated that he had been beaten with hockey sticks, he did not mention that his attackers had weapons. *Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose."). It was not unreasonable for the agency to expect Singh to disclose the most severe harm supporting his claim. *See id.* at 78–79; *see also Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021) (explaining that, "in a hypothetical case, a petitioner who later claims to have been brutally beaten but omitted any reference to a beating from his earlier description of his persecution (there mentioning only less brutal conduct such as a slap in the face), can be properly found to have made inconsistent

5

statements and to have fabricated the later assertion because the fact of the beating would have been so important to his earlier claim that he would have been expected to have included it"). The agency was not required to accept Singh's explanation that he was scared to be sent back to India, because the more serious harm would have bolstered his claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency reasonably concluded that Singh failed to meet his burden of proof because he did not provide reliable, objective evidence to resolve the inconsistency or corroborate his past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to credit Singh's supporting letters because

6

the authors were not available for cross examination, Singh's parents were interested witnesses, and the party leader did not discuss Singh's harm.  *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision to afford little weight to letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for claim where authors were "interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  Singh does not challenge the agency's determination that his country conditions documents contained little current evidence of persecution of members of his party (the Shiromani Akali Dal Amritsar Party) by members of rival parties.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding claim abandoned where not addressed in brief).

The agency did not err in concluding that Singh failed to meet his burden of proof given the inconsistency in his

7

descriptions of his past harm and the lack of reliable, objective corroboration.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii).  This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).  As this finding is dispositive, we do not reach the alternative grounds for the agency's decisions.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court